IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ALEJANDRO POPOCA | § | |
| VS. | § | CIVIL ACTION NO. 1:19cv557 |
| WARDEN, FCI BEAUMONT LOW | § | |

MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Alejandro Popoca, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to a United States Magistrate Judge at Beaumont, Texas for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections should be overruled. Petitioner's request for an evidentiary hearing is not warranted in this case. For the reasons set forth in the Report, petitioner has failed to meet the criteria required to support a claim under the savings clause of § 2255. When applying *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191, 2200, 204 L.Ed.2d 594 (2019), the Fifth Circuit has "not required the Government to prove knowledge of the

statutory prohibition contained in § 922(g)." *United States v. Trevino*, 989 F.3d 402, 405 (5th Cir. 2021). "Instead, the Government must prove only the defendant knew that he possessed a firearm and that he knew of his relevant status when he possessed the firearm." *Palmer v. Johnson*, 844 F. App'x 768, 769 (5th Cir. 2021) (citing *Trevino*, 989 F.3d at 405). Because petitioner does not argue he was unaware of his immigration status as an illegal alien, he has failed to demonstrate he is entitled to proceed under the savings clause of § 2255(e). *Id.* Further, any claim by petitioner that he was unaware of his status as an illegal alien would be frivolous because a review of the jury instructions reveals petitioner stipulated at trial that he was "illegally or unlawfully present in the United States for all time frames relevant to this matter." *See United States v. Popoca*,[1] No. 3:10cr67, ECF No. 145 at 17-18 (N.D. Fla. Dec. 30, 2010). Therefore, petitioner has failed to state a claim upon which habeas relief may be granted.

## O R D E R

Accordingly, petitioner's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 2nd day of November, 2022.**

Michael J. Truncale
United States District Judge

---

[1] It is noted that petitioner was convicted under the name Alejandrino Popoca, not Alejandro Popoca as petitioner uses in this petition.